**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| THOMAS V. SARNOWSKI, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:06MC019-HEH |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| COMMISSIONER OF INTERNAL | ) | |
| REVENUE, and MARK FILLION, | ) | |
| | ) | |
|     Respondents. | ) | |

**MEMORANDUM OPINION**
**(Granting United States' Motion to Dismiss Petition to Quash Summons)**

This matter is before the Court on the United States' Motion to Dismiss Petition to Quash Summons filed on March 2, 2007. Petitioner, proceeding *pro se*, filed a response in opposition to the United States' Motion on March 22, 2007. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated herein, the Court will grant the United States' Motion to Dismiss Petition to Quash Summons.

**I. Background**

Petitioner Thomas V. Sarnowski ("Petitioner" or "Sarnowski") filed a Petition to Quash Summons on December 19, 2006, and a Supplemental Petition to Quash Summons on February 1, 2007, in relation to third party record keeper summonses issued by the

1

Internal Revenue Service ("IRS") to Wachovia Securities, Inc. ("Wachovia"). The IRS issued the summonses in order to examine "books, papers, records, and other data" that is relevant to bank accounts in which Sarnowski holds signature authority. The IRS contends that Petitioner has not filed Forms 1040, Federal Income Tax Return, for the years 2001, 2002, 2003, 2004, and 2005. IRS revenue agent Mark J. Fillion ("Fillion") is assigned to this case.

Petitioner objects to the investigation of his mother's bank account in which he has power of attorney. His reasoning is that the investigation would lead to an invasion of his mother's privacy. Petitioner further alleges that Fillion is using the summonses for the purposes of harassment and pressure, and that Fillion is without the legal authority to do so. Sarnowski also claims that the IRS is already in possession of the information it is seeking. In Petitioner's Supplemental Petition to Quash Summons, he adds that the IRS has wrongfully classified him as a "tax protester" and that the agency is criminally investigating him. He finally contends that the summonses are defective and do not meet the requirements prescribed by *United States v. Powell*, 379 U.S. 48 (1964).

Petitioner asks this Court to quash the administrative summonses, or alternatively, that the Court issue an order prohibiting the IRS from using any information gathered by use of the summonses in a criminal trial. The United States counters that this Court should dismiss both the Petition to Quash Summons and the Supplemental Petition to Quash Summons.

## II. Analysis

The IRS has the authority to issue summonses pursuant to the Internal Revenue Code ("IRC"), 26 U.S.C. § 7602. The IRS also has broad investigatory powers under that section "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, [or] determining the liability of any person for any internal revenue tax." 26 U.S.C. § 7602(a); *see also United States v. Jones*, 131 F.3d 1325, 1327 (9th Cir. 1997). In the course of that investigation, the IRS is authorized to "examine any books, papers, records, or other data which may be relevant or material to such inquiry." 26 U.S.C. § 7602(a)(1). When the enforceability of a summons is at issue, the IRS need only make a minimal showing. *Conner v. United States*, 434 F.3d 676, 680 (4th Cir. 2006) (quoting *Mazurek v. United States*, 271 F.3d 226, 230 (5th Cir. 2001); *see also United States v. Powell*, 379 U.S. 48, 57–58 (1964).

Under *Powell*, the IRS must be able to show that (1) the summons is being pursued for a legitimate purpose, (2) the inquiry is relevant to that purpose, (3) the information sought is not already within the Commissioner's possession, and (4) the administrative steps required by the Code have been followed. *Powell*, 379 U.S. at 57–58. "[T]he government need only present 'an affidavit of an agent involved in the investigation averring the *Powell* good faith elements' in order to establish a *prima facie* case for enforcement of a civil summons." *Conner*, 434 F.3d 676 at 68 (quoting *Alphin v. United States*, 809 F.2d 236, 238 (4th Cir. 1987).

According to Agent Fillion's declaration, which has been filed under seal and reviewed by this Court, Petitioner has failed to file Forms 1040, Federal Income Tax

Return, for the years 2001, 2002, 2003, 2004, and 2005. Furthermore, Agent Fillion suspects that Sarnowski may have deposited his earnings from the aforementioned years into his mother's bank account. (Mot. to Dismiss Pet. 6.) Fillion has represented that the IRS is not currently in possession of the documents it seeks to review, and that Sarnowski has been properly notified pursuant to the IRC. (Mot. to Dismiss Pet. 7.) This Court finds that the *Powell* factors have been met.

Once it is established that the government has met its burden, the burden shifts to the taxpayer to show that the IRS is "attempting to abuse the court's process." *Conner*, 434 F.3d 676 at 680. There is nothing in this record to suggest that the IRS or Agent Fillion is pursuing this investigation in bad faith or to harass Sarnowski. Therefore, this Court finds that the summonses are being used in good faith under *Powell* and that Petitioner has not met his heavy burden to prove the contrary.

Petitioner alleges that even though the government has issued administrative summonses, he is in fact the subject of a criminal investigation. It is true that this would be improper under 26 U.S.C. § 7602(d) ("No summons may be issued under this title . . . with respect to any person if a Justice Department referral is in effect with respect to such person."). However, Agent Fillion has declared that there has been no referral of this case to the Justice Department. There is nothing to suggest otherwise, and this Court finds that the summonses are being used in accordance with the law. Furthermore, there is nothing to support Petitioner's contention that he is being classified as a "tax protester." Even if there was such a reference in existence, the Government has made it clear that any such

4

designation must be removed and ignored.

Petitioner argues that an investigation that delves into his mother's bank account constitutes an invasion of her privacy. This is not supported by relevant case law. The Supreme Court of the United States has said that "[t]he lack of any legitimate expectation of privacy concerning the information kept in bank records was assumed by Congress in enacting the Bank Secrecy Act, the expressed purpose of which is to require records to be maintained because 'they have a high degree of usefulness in criminal, tax, and regulatory investigations and proceedings.'" *United States v. Miller*, 425 U.S. 435, 442 (1976) (citing 12 U.S.C. § 1829b(a)(1) and *Couch v. United States*, 409 U.S. 322, 335 (1973)). Petitioner's argument of a privacy interest in this case is not persuasive.

If the Court is inclined to dismiss the petitions to quash in this case, Sarnowski requests that the Court impose a condition that prohibits any gathered information from being used in a criminal case. The Court does not find it appropriate to limit the IRS's investigatory powers and discretion in this case. *See United States v. Jose*, 131 F.3d 1325, 1329 (9th Cir. 1997). Furthermore, this Court finds that Petitioner has not established any material facts in dispute that would entitle him to an evidentiary hearing. *See Moutevelis v. United States*, 727 F.2d 313, 315 (3rd Cir. 1984); Fed. R. Civ. P. 56.

### III. Conclusion

For the reasons stated above, the United States' Motion to Dismiss Petition to Quash Summons will be granted.

An appropriate Order will accompany this Memorandum Opinion.

5

/s/

Henry E. Hudson
United States District Judge

ENTERED this 16th day of April.
Richmond, VA